IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Tanya Rosales,<br><br>    Plaintiff,<br><br>v.<br><br>Credit Acceptance Corporation,<br><br>    Defendant. | Civil Action No.: _____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Tanya Rosales, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

4. The Plaintiff, Tanya Rosales ("Plaintiff"), is an adult individual residing in Columbus, Ohio, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant Credit Acceptance Corporation ("Credit"), is a Michigan business entity with an address of 25505 West Twelve Mile Road, Suite 3000 Southfield, Michigan 48034-8339, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Credit at all times acted by and through one or more of the agents.

## FACTS

7. Within the last four years, Credit contacted Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

8. At all times mentioned herein, Credit called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9. When Plaintiff answered Credit's calls, she would hear a prerecorded message which stated that the call was from Credit, and asked Plaintiff to call Credit back at a number it provided.

10. Frustrated with the excessive amount of ATDS calls she was receiving, during the month of October, 2013, Plaintiff called Credit back at the number provided in the prerecorded message, in order to speak with a live representative. During their conversation, Plaintiff requested that Credit cease calling her cellular phone attempting to collect.

11. In violation of Plaintiff's request, Credit continued to harass her with ATDS calls at a rate of over one hundred calls since Plaintiff's original request for the calls to cease, which caused Plaintiff much anxiety and inconvenience.

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. Defendant contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message to her cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

14. In the event that Defendant at one time had permission to contact Plaintiff on her cellular phone, Plaintiff since revoked her consent to be contacted by her demand to cease calling her cellular telephone.

15. The telephone number called by Credit was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

18. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C); and
2. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 3, 2014

                                              Respectfully submitted,

                                              By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Tanya Rosales
LEMBERG LAW, L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com